**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HOWARD BEGLEY** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | **Civil Action No.** |
| ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.** ) | |
| **and** ) | |
| **CREDIT PROTECTION ASSOCIATION, LP** ) | |
| **and** ) | |
| **COLLECTO, INC.   d/b/a EOS CCA** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

### I.   Preliminary Statement

1.     This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA"), and various other state laws.

### II.   Jurisdiction and Venue

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.     Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.   Parties

4.     Plaintiff Howard Begley, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 6348 Crafton Street, Philadelphia, PA 19149.

5.      Defendant Experian Information Systems, Inc. (hereafter "Experian") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 505 City Parkway West, Orange, CA 92868.

6.      Defendant Credit Protection Association, LP (hereafter "CPA") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 13355 Noel Road, Suite 2100, Dallas, TX 75240. The principal purpose of Defendant, CPA, is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7.      Defendant Collecto, Inc. d/b/a EOS CCA (hereafter "EOS") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 700 Longwater Drive, Norwell, MA 02061. The principal purpose of Defendant, EOS is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.    Factual Allegations

8.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

9.      The inaccurate information includes, but is not limited to, accounts with CPA and EOS, and personal identifying information.

10.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong

to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

11.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12.     Plaintiff has repeatedly disputed the inaccurate information with the Defendants by both oral and written communications to their representatives and by following Experian's established procedure for disputing consumer credit information.

13.     Plaintiff has repeatedly disputed the inaccurate information with Defendant Experian, on multiple occasions, including but not limited to, from July of 2010 through the present.

14.     In addition to repeatedly disputing the inaccurate information, Plaintiff has provided Defendant Experian, with extrinsic written documentation corroborating Plaintiff's disputes.

15.     Notwithstanding Plaintiff's efforts, Defendant Experian, has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendant Experian continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant Experian has repeatedly published and disseminated consumer reports to such third parties, including but not limited to, from July of 2010 through the present.

16.     Despite Plaintiff's efforts, Defendant Experian, has never: 1) contacted the Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; 2) contacted any third parties that would have relevant information concerning Plaintiff's

3

disputes; 3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and 4) requested or obtained any other relevant documents from the entities furnishing the inaccurate information.

17.     Additionally, Plaintiff has repeatedly disputed the inaccurate information concerning the CPA account with the Defendant CPA. Notwithstanding Plaintiff's disputes, Defendant CPA has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, have failed to mark the above accounts as disputed and have continued to attempt to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

18.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

19.     Despite Plaintiff's repeated requests and payments for goods and services in the form of consumer versions of Defendant Experian's credit reports and to investigate and correct inaccurate information disputed by Plaintiff, Defendant Experian has refused and failed to furnish Plaintiff with timely disclosures of Plaintiff's credit reports and to investigate Plaintiff's disputes.

20.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

21.     Plaintiff's credit reports and file have been obtained from Defendant Experian, and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

22.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

23.     As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

24.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

25.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of multiple inquiries appearing on Plaintiff's credit file.

26.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

27.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**V.     CLAIMS**

**COUNT ONE - FCRA**
**(Plaintiff v. Experian)**

28.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.     At all times pertinent hereto, Defendant Experian, was "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

30.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

31.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

32.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian is liable to the Plaintiff for engaging in the following conduct:

(a)     willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

6

(b)      willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c)      willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d)      willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)      willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f)      willfully and negligently failing to note the Plaintiff's dispute of the inaccurate  information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g)      willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h)      willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(i)      willfully and negligently failing to properly and timely delete the inaccurate information  from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(j)      willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified; and

(k)     willfully and negligently failing to provide timely reports to Plaintiff upon Plaintiff's requests.

33.     The conduct of Defendant Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Experian is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO - FCRA
### (Plaintiff v. CPA)

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.     At all times pertinent hereto, Defendant CPA was "persons" as that term defined by 15 U.S.C. § 1681a(b).

36.     Defendant CPA violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s(2)(b):

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant CPA;

(c)     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

8

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)     willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant CPA and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

37.     Defendant CPA's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant CPA is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT THREE - DEFAMATION
### (Plaintiff v. Experian)

38.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.     Defendant Experian, has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the Plaintiff.

40.     Defendant Experian has published these statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

41.     The statements made by Defendant Experian are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

42.     Defendant Experian have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

43.     Defendant Experian knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

44.     Nonetheless, Defendant Experian continues to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

45.     The written statements and publications constitute libel per se.

46.     The oral statements and publications constitute slander per se.

47.     In addition, and despite the repeated notices from Plaintiff, Defendant Experian has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

48.     Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that

are outlined more fully above and, as a result, Defendant Experian is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**COUNT FOUR - DEFAMATION**
**(Plaintiff v. CPA and EOS)**

49.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50.    At the times pertinent hereto, Defendants CPA and EOS have published statements both orally and through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

51.    The statements made by Defendants CPA and EOS are false as outlined above.

52.    Defendants CPA and EOS have published these statements to at least Defendant Experian.

53.    The written statements and publications constitute libel per se.

54.    The oral statements and publications constitute slander per se.

55.    The conduct of Defendants CPA and EOS were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants CPA and EOS are liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## COUNT FIVE – FAIR DEBT COLLECTION PRACTICES ACT
### (Plaintiff v. CPA and EOS)

56.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57.     Defendants, CPA and EOS, are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

58.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

59.     The above disputes by Plaintiff, as well as the reporting of the inaccurate information to credit reporting agencies by Defendants, CPA and EOS, are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

60.     The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes.

61.     Defendants, CPA and EOS, violated  the  FDCPA. Defendants, CPA and EOS's, violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

        (a) The false representation of the amount, character or legal status of a debt; and

        (b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

        (c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

62.    Defendants, CPA and EOS's, acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

63.    As a result of the above violations of the FDCPA, Defendants, CPA and EOS, is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT SIX – CPL
### (Plaintiff v. Experian)

64.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

65.    Plaintiff and Defendant Experian are "persons" as defined by § 201-2 of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq. ("CPL").

66.    The above described purchases by Plaintiff from Defendant Experian constitute "commerce" and the "sale or distribution of any services and any property" as defined by 73 P.S. § 201-2 of the CPL.

67.    Pursuant to 15 U.S.C. §1681s, any violation of the FCRA constitutes an unfair or deceptive act or practice in violation of the CPL.

68.    Defendant Experian violated the CPL by engaging in the following conduct:

(a)    intentionally, willfully, recklessly and negligently failing to follow reasonable procedures to assure maximum possible accuracy in the credit reports they disseminated concerning the Plaintiff;

(b)    intentionally, willfully, recklessly and negligently failing to properly and timely reinvestigate the inaccurate information disputed by the Plaintiff;

(c)     failing to delete the inaccurate information concerning the Plaintiff after the Plaintiff notified Defendant of the dispute;

(d)     intentionally, willfully, recklessly and negligently reporting the inaccurate information concerning the Plaintiff;

(e)     engaging in all other conduct set forth in the foregoing paragraphs; and

(f)     intentionally, willfully, recklessly and negligently  failing to provide timely reports to Plaintiff despite repeated requests by Plaintiff.

69.     Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages, attorney's fees and costs, as well as other relief, permitted under the law.

## COUNT SEVEN – CPL
### (Plaintiff v. CPA and EOS)

70.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

71.     Pursuant to 15 U.S.C. §1681s, any violation of the FCRA constitutes an unfair or deceptive act or practice in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq. ("CPL").

72.     Defendants CPA and EOS are "creditors" as defined by 73 P.S. § 2271.3 of the FCEUA.

73.     Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

74.     The above disputes by Plaintiff, and the reporting of the inaccurate information to credit reporting agencies by Defendants CPA and EOS are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

75.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

76.     Defendants CPA and EOS violated the Fair Credit Extension Uniformity Act, 73 P.S §§ 2270.4(b)(5)(ii), 2270.4(b)(5)(viii), 2270.4(b)(5)(x) and the CPL, 73 P.S. § 201-2(4)(xxi), by engaging in the following conduct:

(a)     The false representation of the character, amount or legal status of any debt;

(b)     Communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a debt is disputed; and

(c)     using false representations and deceptive means to collect or attempt to collect a debt.

77.     Defendants CPA's and EOS's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

78.     As a result of the above violations of the FCEUA and CPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT EIGHT - NEGLIGENCE
### (Plaintiff v. Experian)

79.     Plaintiff incorporate the foregoing paragraphs as if the same were set forth at length herein.

80.     Defendant Experian's negligence consists of the following:

(a)  Violating the FCRA as set forth above;

(b)  Violating the CPL as set forth above;

(c)  Disregarding Plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above;

(d)  Failing to provide prompt notice of the inaccurate information to creditors;

(e)  Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(f)  Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(g)  Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

81.     As a result of Defendant Experian's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

82.     The conduct of Defendant Experian, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Experian is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

16

## COUNT NINE - NEGLIGENCE
### (Plaintiff v. CPA and EOS)

83.     Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

84.     Defendants CPA's and EOS's negligence consists of the following:

(a)  Violating the FCRA as set forth above;

(b)  Violating the FDCPA as set forth above;

(c)  Violating the CPL as set forth above;

(d)  Disregarding Plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above;

(e)  Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(f)  Failing to review all relevant information concerning Plaintiff's account that was sent to Defendants CPA and EOS;

(g)  Failing to report the results of investigations to the relevant consumer reporting agencies;

(h)  Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendants CPA and EOS originally furnished information;

(i)  Failing to delete or correct the inaccurate information; and

(j)  Failing to note the disputed status of the inaccurate information on all credit reports.

85.     As a result of Defendants CPA's and EOS's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

17

86.     The conduct of Defendants CPA and EOS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants CPA and EOS are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

**COUNT TEN – INVASION OF PRIVACY/FALSE LIGHT**
**(Plaintiff v. Experian)**

87.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

88.     Defendant Experian's above actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

89.     By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant Experian invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

90.     The conduct of Defendants Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Experian are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## COUNT ELEVEN – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. CPA and EOS)

91.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

92.     Defendants CPA's and EOS's above actions violated Plaintiff's right of privacy by impermissibly accessing plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

93.     By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendants CPA and EOS invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

94.     The conduct of Defendants CPA and EOS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants CPA and EOS are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

### VI.     JURY TRIAL DEMAND

95.     Plaintiff demands trial by jury on all issues so triable.

### VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)       Actual damages;

    (b)       Statutory damages;

    (c)       Punitive damages;

    (d)       Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o, and 73 P.S. §201-9.2(a);

    (e)       An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

    (f)       An order directing that Defendants EIS and Experian,  send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

    (g)       Such other and further relief as may be necessary, just and proper.

                      Respectfully submitted,

                      **FRANCIS & MAILMAN, P.C.**

              BY:      */s/ Mark D. Mailman*_____
                      MARK D. MAILMAN, ESQUIRE
                      JOHN SOUMILAS, ESQUIRE
                      GEOFFREY H. BASKERVILLE, ESQUIRE
                      Land Title Building, 19th Floor
                      100 South Broad Street
                      Philadelphia, PA 19110
                      (215) 735-8600
                      Attorneys for Plaintiff

Dated: August 20, 2010